Hillsborough,  
Feb. 5, 1952. } No. 4095.

ALICE KIMBALL *v.* AMBROSE R. DWYER.

*Wyman, Starr, Booth, Wadleigh & Langdell* (*Mr. Langdell* orally), for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

KENISON, J. The defendant's version of the accident as it appears in the report to the Motor Vehicle Commissioner, in his deposition and in his testimony at the trial, discloses some variation and inconsistencies in regard to the place of the accident, speed of his car, the length of his brake marks and what he did to prevent the accident. These variations and inconsistencies were thoroughly explored by detailed examination and rigid cross-examination of all counsel. In arguments to the jury, comment was made by counsel concerning the differences between the defendant's statements in the motor vehicle report, his statements in the deposition and his testimony at the trial relating to the place of the accident and his speed at the time of the accident. The relative weight to be given to these statements in the report, in the deposition and at the trial was not mentioned by counsel in their arguments nor referred to by the Court in his charge to the jury. All the exhibits, including the motor vehicle report, a photograph and signed statement taken from two witnesses were given to the jury for their deliberation. The Court concluded his instructions to the jury with the following: "You will have with you in your jury room the various exhibits which have been admitted in evidence during the trial for your examination. You will make such use of them as you think should be made."

This case is unlike *Zogoplos* v. *Brown*, 84 N. H. 134, where the Court had given an instruction as to the effect of extrajudicial statements of a witness inconsistent with his testimony but failed to give a further instruction as to the effect of such statements in the case of parties. This was held to be error. III Wig. Ev. (3rd *ed.*) s. 1018. Although the reports and depositions were referred to in argument by plaintiff's counsel, no suggestion was made at any

time in the course of the trial that they stood any differently from testimony given on the stand. Moreover the statements of witnesses who were not parties were received without limitation as to their use or requests for limiting instructions. The present case has some similarity to *Sullivan* v. *Sullivan*, 91 N. H. 341, 346, where it was said: "Having thus correctly instructed the jury as to the effect of Hepworth's alleged intoxication, it was unnecessary for the court to go further and give them special instructions as to the use of the evidence by which the charge of intoxication was sought to be proved."

There being no issue concerning the use of extrajudicial statements made by either parties or witnesses, and no suggestion that they were not fully competent for all purposes, "there was no occasion for the Court to distract the jury's mind with reference to a non-existent issue." *Colby* v. *Avery*, 93 N. H. 250, 256. As the case was submitted they had no reason to suppose that the reports and depositions of the parties differed from any other evidence or that they were not entitled to such weight, whether great or little, as the jury might think proper. "The jury were at liberty to accept either [the defendant's] first or . . . second version of the accident whichever they in their discretion should find the more convincing." *Cedergren* v. *Hadaway*, 91 N. H. 270, 272. The same thought was expressed in *Blackman* v. *Rowe*, 96 N. H. 207, 210: "the jury was at liberty to accept [the party's] testimony in court in preference to" her written statement prior to trial. In view of the way the case was submitted and argued, the requested instruction was unnecessary.

While an instruction on inconsistent statements may properly be given, there is no mandatory requirement that it be done in every case. The credibility of the defendant's testimony was the obvious issue in this action. Counsel were free to argue this issue and the Court could reasonably conclude under the circumstances that the jury could determine this issue of credibility without specific instructions on the difference between inconsistent statements of parties and witnesses. See *Paradis* v. *Greenberg*, 97 N. H. 173, 175.

*Exception overruled.*

All concurred.